H. J. KEITH COMPANY, a corporation existing under the laws of the State of Massachusetts, vs. BOOTH FISHERIES COMPANY, a corporation existing under the laws of the State of Delaware.

WAREHOUSEMEN—ACTIONS—PLEADING.

In an action against a cold storage warehouse company for damages to eggs claimed to have been caused by its negligence, the description of the warehouse in the declaration as a cold storage warehouse, without any allegation that the eggs were delivered to and accepted by defendant to be kept in a frozen condition, did not show that it was defendant's duty to keep them in such condition; but a count alleging that defendant well knew that they were required to be kept frozen sufficiently showed such duty.

(December 10, 1912.)

PENNEWILL, C. J., and BOYCE and RICE, J. J., sitting.

*William S. Hilles* for plaintiff.

*Clifford Mannering* and *J. Harvey Whiteman* for defendant.
Superior Court, New Castle County, November Term, 1912.

ACTION by the H. J. Keith Company against the Booth Fisheries Company. On demurrer to the declaration. Overruled in part, and sustained in part. (See jury trial *post*, also, 87 *Atl.* 715.)

ACTION ON THE CASE (No. 127, September Term, 1912), to recover from the defendant, a cold storage warehouse company, of Chicago, Illinois, for damages to eggs stored with said company, said damages being alleged to have arisen from the negligence of the defendant.

It is averred in the first count in part that the said plaintiff on divers days and times between the twenty-fifth day of August, A. D. 1909, and the thirtieth day of August, 1910, delivered to the said defendant certain goods and chattels, to wit, certain cans of frozen eggs, whites and yolks, the property of the plaintiff, to be stored in the said warehouse of the said defendant for a certain reward in that behalf until called for by the said plaintiff, and the said defendant then and there received the said goods and chattels for that purpose, and it then and thereby became the duty of the said defendant to take due and reasonable care and precaution in the custody and handling of the said goods and chattels of the said plaintiff at its said warehouse, yet the said defendant, etc. ,

It is averred in the second count in part that the said defendant for a valuable consideration, etc., agreed to store and safely keep in its warehouse certain goods and chattels of the plaintiff of great value, to wit, etc., consisting of certain cans of frozen eggs, whites and yolks, until the same should be called for by the plaintiff, and then and there safely to deliver the said goods and chattels to the plaintiff, and the said defendant then and there received the said goods and chattels for that purpose. That it then and there became the duty of the said defendant to take proper care of the said goods and chattels while the same were in its said warehouse, yet the said defendant, etc.

It is averred in the third count in part that the said plaintiff on etc. delivered to the said defendant certain goods and chattels, to wit, certain cans of frozen eggs, whites and yolks, the property of the plaintiff, to be stored in the said warehouse of the said defendant for a certain reward in that behalf until called for by the said plaintiff, which goods and chattels the said defendant then and there well knew required to be kept frozen in its said warehouse, and the said defendant then and there received the said goods and chattels for that purpose, and it then and there became the duty of the said defendant to take due and reasonable care and precaution in the custody and handling of the said goods and chattels of the said plaintiff to see that the same were kept frozen. Yet the said defendant, etc.

The following causes of demurrer were assigned:—

"1.   That it does not appear therefrom that the defendant violated any legal duty which it owed to the said plaintiff.

"2.   That no facts are stated therein that entail upon the defendant any legal liability.

"3.   That the said counts are not sufficiently particular in the statement of the facts.

"4.   That the said counts do not show in what particular the defendant was negligent and careless.

"5.   That the said counts are indefinite, uncertain and insufficient."

*Whiteman*, for the demurrer contended that under the well settled rules of pleading in this State the words "negligently and carelessly", used in the declaration, were not a sufficient statement of particulars, and did not give the defendant notice as to what specific acts of negligence it was required to meet and were altogether an inference of law.

*Hilles*, in support of the declaration, insisted that the law casts upon a warehouseman the duty of using ordinary and reasonable care for the preservation of property left with it for storage. 30 *Amer. & Eng. Ency.* 46; *Sutherland v. Albany Cold Storage & Warehouse Co.*, 171 *N. Y.* 269, 63 *N. E.* 1100, 89 *Am. St. Rep.* 815; *Townsend v. Rich*, 58 *Minn.* 559, 60 *N. W.* 545; *Holt Ice, etc., Co. v. Arthur Jordan Co.*, 25 *Ind. App.* 314, 57 *N. E.* 575; *Musgogee Ice Co. v. Riley Brothers*, 24 *Okl.* 114, 108 *Pac.* 629;

*Rudell v. Grand Rapids Cold Storage Co.*, 136 *Mich.* 528, 99 *N. W.* 756; *Rettner v. Minnesota Cold Storage Co.*, 88 *Minn.* 352, 93 *N. W.* 120.

Where the duty grows as a matter of law, out of the relation of the parties, it is only necessary to allege the circumstances which give rise to the defendant's particular duty. 1 *Chitty on Pleading*, 417-418; *Brown v. Mallett*, 5 *C. B.* 599.

Where goods are left with the warehouseman and he either fails to deliver them, or delivers them in a damaged condition, there is a presumption of negligence, which it is the duty of the warehouseman to rebut and the burden is shifted. 30 *Amer. & Eng. Ency. of Law*, 53; *Holt Ice Etc. Co. v. Arthur Jordan Co.*, 25 *Ind. App.* 314; 57 *N. E.* 575; *Pusey v. Webb*, 2 *Penn.* 490, 67 *Atl.* 152; *Bowen v. Isenberg Brothers Co.*, 6 *Penn.* 230, 47 *Atl.* 701.

It is never necessary to allege with particularity the facts which are more particularly within the knowledge of the defendant, than they can be of the plaintiff. *Jones v. Railway*, 4 *Penn.* 201, 53 *Atl.* 1065.

The allegations of the present pleadings are in accordance with the precedents. 2 *Chitty on Pleading*, 669 *F*, 18 *Ency. of Forms*, 844-845.

*Mr. Whiteman* replied that the authorities cited were not questioned, but they did not go to the question of sufficiency of pleading in this case; that the declaration was insufficient to fully inform the defendant of what it had to meet and was not sufficient upon which to base a plea of former recovery in the event of a second action for the same cause.

PENNEWILL, C. J., delivering the opinion of the court:

The warehouse mentioned in the first and second counts is described therein as a "cold storage warehouse," but it does not necessarily follow that because the eggs were to be kept in a cold storage house they were to be kept in a frozen condition. Indeed, it does not clearly appear from any averments contained in said counts that the eggs were delivered to, and accepted by, the defendant, to be kept in a frozen condition. It is well known that cold storage houses are not required or expected to keep all property in their keeping at a frozen temperature. For example,

apples and other fruits are not kept in such condition, and there is nothing in said counts to show that it was the duty of the defendant to keep eggs in such condition. In this particular, therefore, we think the first and second counts of the plaintiff's declaration are insufficient, but in other respects they are good and sufficient.

In the third count the plaintiff not only describes the warehouse as a cold storage warehouse, but avers that the defendant well knew that the goods which were delivered and received by it to be stored therein were required to be kept frozen. This we think is a sufficient averment of the defendant's duty.

We sustain the demurrer as to the first and second counts, and overrule the demurrer as to the third count.